**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EMMANUEL MUSA AZZUN,
KOSEKU AZZUN, GLADYS
KOSEKU AZZUN, AND ALICE
KELUBIA AZZUN,

      Plaintiffs-Appellants,

v.

WAL-MART STORES,
INCORPORATED, a Delaware
Corporation,

      Defendant-Appellee.

Case No. 97-6359
(D.C. No. CIV-97-0410-L)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Azzuns appeal from the district court's grant of summary judgment to Wal-Mart on their claims that Wal-Mart is liable to them for (1) violating 42 U.S.C. § 1983, (2) intentionally causing them emotional distress, (3) negligently causing them emotional distress, (4) negligently training its employees, and (5) falsely arresting the Azzuns. All of their claims arise out of an incident in which the Azzuns attempted to purchase a box of hair accessories for their daughters; Wal-Mart employees refused to sell them the box, allegedly stating that the box contained extra items and that the Azzuns were trying to "play a prank" or "stealing." On appeal, the Azzuns also attempt to raise a slander claim.

As for the claims raised below, the district court thoroughly and properly considered the Azzuns' claims, and we affirm for substantially the same reasons stated in the district court's order granting summary judgment:[1] Wal-Mart is not a state actor or acting under color of state law; the employee conduct alleged by the Azzuns does not approach the outrageousness required for intentional infliction of emotional distress; Wal-Mart did not cause the Azzuns any physical injury as required for a negligent infliction of emotional distress claim in Oklahoma (and the negligent training claim is subsumed in this claim); and the

---

[1] The Azzuns have submitted to us a copy of a check for $100 which they allege is a settlement offer from Wal-Mart and which they attempt to use in this appeal as proof of Wal-Mart's culpability. However, Rule 408 of the Federal Rules of Evidence precludes the use of an offer to compromise a claim as proof of liability. We therefore refuse to treat the copy of the check as an admission of fault by Wal-Mart.

Azzuns were never detained by Wal-Mart employees, but rather chose to stay at the store and argue. <u>See</u> Rec. vol. I , doc. 11, at 4-7 (Dist. ct.'s Order filed Sept. 24, 1997) (and cases cited therein). As for the slander claim, although the Azzuns use the word "slander" in their brief to this court, they pled no facts in support of such a cause of action in the district court, and, thus, they raise the issue for the first time on appeal. Therefore, we refuse to consider because it was not raised below. <u>See</u> <u>Walker v. Mathers</u>, 959 F.2d 894, 896 (10th Cir. 1992).

Finally, we have read Mr. Azzun's letter requesting that this Court "look at the relationship between" the district court and the attorneys for Wal-Mart and contending that the district court judge "may not have been the most suitable person to handle this case." Letter from Mr. Azzun to this Court filed Nov. 24, 1997. Mr. Azzun does not make any allegation that the district court was actually biased; he presents no concrete evidence that could lead us to conclude that the district court was biased; and, upon an independent review of the record, we find that the district court treated the Azzuns' claims very fairly. Thus, we refuse Mr. Azzun's request and affirm the district court's grant of summary judgment. The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge